# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00058-CMA

UNITED STATES OF AMERICA,
Plaintiff,
v.

1. BRIAN MURRAY
Defendant.

---

### DEFENDANT'S SECOND MOTION FOR ORDER AUTHORIZING PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION FOR THE PURPOSE OF DETERMINING COMPETENCY

---

Brian Murray, by and through undersigned counsel, hereby moves this Court for an Order authorizing a psychiatric or psychological examination of the defendant by a certified psychiatrist or psychologist for the purpose of determining whether he suffers from a mental disease or defect, and to thereafter set a hearing to determine his competency to proceed, pursuant to 18 U.S.C. § 4241(a),(b) and (c), and 18 U.S.C. §4247(b) and (c). In support thereof, the defense states as follows:

### I. Procedural History

1. Mr. Murray is charged with four felony counts.  Counts one and two charge Mr. Murray with:  Assaulting and Resisting and Impeding Federal Employee.  Counts one

and two differ in the injury alleged.  Counts three and four charge Mr. Murray with Influencing Federal Official by Threat.  Counts three and four differ in the alleged victims and dates.  At present, Mr. Murray is incarcerated in Florence, Colorado at the ADX and he is serving a federal sentence.  Mr. Murray is also charged with threatening a federal officer in a one count indictment in case number 13-cr-00306-CMA.

2.  Defendant has previously filed a Motion for a Competency evaluation.  That motion was withdrawn as counsel had sufficient time to meet with defendant and believed that no issue of competency existed.  Counsel now believes that defendant's mental health has changed and has doubts as to defendant's competency.

## II. Argument

3. Discovery in this case contains information indicating that Mr. Murray has a history of mental health problems.  Mr. Murray was subject to a Forensic Mental Health Evaluation, conducted by Court Order, in March of 2007 (as part of the federal case for which Mr. Murray is currently serving time).  Mr. Murray's Forensic Report indicates that he has been diagnosed with attention deficit/hyperactivity disorder, borderline personality disorder, and obsessive compulsive behavior.  The Forensic Report also states that Mr. Murray has been treated with thorazine, trazadone, loxitane, fluoxetine, and amitryptiline.

4. It is also noted in the discovery that Mr. Murray has a history of "cutting."  This is significant as counsel observed, on August 28, 2013, Mr. Murray to have two deep and large cuts on his forearm.  These cuts were, upon information and belief, self-inflicted.

Counsel observed Mr. Murray manipulating the cuts and putting his fingers in his wounds.  Counsel did not observe Mr. Murray to exhibit any pain while touching his wounds.  This behavior was troubling to counsel as the wounds are, at least to a lay observer, deep and painful.[1]

5.   Also on August 28, 2013, the Court (Magistrate Judge Shaeffer) made counsel aware of various security issues that had arisen with Mr. Murray.  According to reports received by counsel, a weapon was found upon Mr. Murray's person and it was the opinion of the United States Marshall Service that Mr. Murray could not be safely brought into court.  The Marshall's Service also had safety concerns about the normal visiting room at the District Court for the Federal District of Colorado and, as a result, had counsel meet with Mr. Murray in the holding cells inside the Marshall's Offices.

6.  Based upon this information and undersigned counsel's interactions with Mr. Murray on August 28, 2013, undersigned counsel has reason to believe that Mr. Murray may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The defense requests the Court to order a psychiatric or psychological evaluation for purposes of determining competency.

7. The defendant's mental status appears to have changed.  "[A] trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."  *Drope v. Missouri*, 420 U.S. 162, 181 (1975).  Counsel further asserts that an individual with Mr. Murray's

---

[1] These observations were made in the holding cell in the Marshall's Office.  Counsel was attempting to visit defendant prior to his arraignment in 13-cr-00306-CMA.  The arraignment did not happen and counsel filed a Motion for a Competency Evaluation in 13-cr-00306.

documented history of mental illness who is exhibiting changes in his attitudes and mannerisms is in need of a competency evaluation as <u>mental status is fluid and not static</u> (emphasis added).

8. Pursuant to 18 U.S.C. § 4247(b), and for the purposes of conducting this examination, counsel requests that the defendant be committed to the custody of the United States Attorney General for a reasonable period not to exceed 30 days, unless an extension is appropriately sought pursuant to the provisions of the same statute.

9. Pursuant to 18 U.S.C. § 4247(c), counsel further requests the Court to direct the preparation of a written report and that, once completed, copies of the report be delivered directly to undersigned counsel, the Assistant United States Attorney, and this Court.

10. Counsel further requests that this Court order counsel to contact chambers to set a date for hearing on Mr. Murray's competency.

11. Pursuant to 18 U.S.C. § 3161(h)(1), the defense maintains that the Speedy Trial clock is tolled until such time as a determination of competency is made.

12. Undersigned counsel has contacted Assistant United States Attorney Colleen Covell and Ms. Covell states that the government takes no position as to this motion/request.

13. In addition, because counsel cannot effectively discuss the case and any potential pretrial motions with Mr. Murray until a determination of Mr. Murray's competency has been made, the defense respectfully requests that this Court vacate the current trial date and motions deadlines, as well as the final trial preparation conference and jury selection dates.

Respectfully submitted and DATED at Denver, Colorado this, 5th day of September, 2013.

/s/Miller Leonard
Attorney for Defendant
CO Reg. # 41029
14143 Denver West Pkwy, Suite 100
Golden, CO 80401
303-907-9516
milller@themillerleonardlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that this DEFENDANT'S SECOND MOTION FOR ORDER AUTHORIZING PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION FOR THE PURPOSE OF DETERMINING COMPETENCY was delivered, via the ECF system for the District of Colorado to all parties, this 5th day of SEPTEMBER, 2013.

/s/ Miller Leonard